UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-20859-CIV-MORENO

RENAN and ESTELA FUENTES,

    Plaintiffs,

vs.

CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON,

    Defendants.
_____/

## ORDER DENYING MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiffs' Motion to Remand **(D.E. No. 4)**, filed on **April 29, 2009**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

### I. Background

Plaintiffs sued in state court following the theft of their 29-foot vessel, which Defendants insured. The face value of the policy is $140,000. Defendants removed the case to federal court invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs, who have stated in their complaint that they are residents of Miami-Dade County, have moved to remand. They argue remand is proper as there is not diversity of citizenship and the amount-in-controversy requirement is not satisfied.

## II. Legal Standard

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage of the proceeding." *Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Courts are to construe the removal statutes narrowly resolving uncertainties in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Stemming from federalism principles is the removing defendants' burden to plead the basis for federal jurisdiction. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006); *Klempner v. Northwestern Mutual Life Ins. Co.*, 196 F. Supp. 2d 1233, 1237 (S.D. Fla. 2001) ("A presumption in favor of remand is necessary because if a federal court reaches the merits of [a] pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts."). Defendants have the burden to show that by a preponderance of the evidence the amount-in-controversy requirement is met. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)).

## III. Legal Analysis

### A. Diversity of Citizenship

The presence of diversity is at issue in the motion to remand. Plaintiffs, who state in their complaint that they are Florida residents, assert that because Defendants maintain business contacts in Florida and are London-based, there is a lack of diversity. Under 28 U.S.C. § 1332(a)(2), the Court has diversity jurisdiction in actions between "citizens of a State and citizens or subjects of a

foreign State."). At issue in the motion to remand is Defendants' citizenship.[1]

Other courts have evaluated Lloyd's of London to determine whether the entity qualifies as a "subject of a foreign State" for purposes of diversity jurisdiction. *Underwriter's at Lloyd's London v. Osting-Schwinn*, 2006 WL 947815, *2 (M.D. Fla. April 12, 2006). To put it briefly, Lloyd's consists of unincorporated groups of investors, called syndicates, who appoint agents, called underwriters, to act on their behalf. *Certain Interested Underwriter's at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994). As agents for undisclosed principals, the underwriters are the real parties to the controversy. *Osting-Schwinn*, 2006 WL 947815, at *2; *Layne*, 26 F.3d at 42 (holding "real party in interest test" is used to determine whether there is complete diversity). As Defendants state that the underwriters "are and were at all times material London-based Underwriters at Lloyd's of London," and Plaintiffs reside in Florida, the Court finds there is complete diversity.

**B. Amount in Controversy**

In this case, Defendants contend the amount-in-controversy is easily met as the face value of the insurance policy is $140,000. Plaintiffs' complaint indicates that they seek in excess of $15,000, but does not specify the value of the stolen vessel. In diversity cases, the amount-in-controversy is the monetary value of the object of the litigation from the plaintiff's perspective. *AAA Abachman Enters., Inc. v. Stanley Steemer Intern., Inc.*, 268 Fed. Appx. 864, 866 (11th Cir. 2008) (citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). In insurance cases, the Eleventh Circuit has held the jurisdictional amount is the face value of the policy where the value of the insured object is at issue. *Guardian Life Ins. Co. of Am. v. Muniz*, 101 F.3d 93, 94 (11th Cir.

---

[1] Plaintiffs also suggest that they are not residents of Florida in their reply brief. This suggestion, however, is purely at odds with their complaint, which states they reside in Miami-Dade County.

1996). In this case, Plaintiffs seek to recover the value of the insured vessel. Under *Guardian Life Ins. Co.*, the face value of the insurance policy is the proper amount for the Court to consider in this analysis. Accordingly, the Court finds the amount-in-controversy is met as the face value of the policy is $140,000.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of June, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record